IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00119-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | )   ORDER |
| | ) |
| QUIVONTE BLOUNT | ) |
| | ) |

**THIS MATTER** is before the Court upon the defendant's Notice of Objection to the Admission of Defendant's Self-Incriminating Statements in His Supervised Release Revocation Hearing, (Doc. No. 43), and the government's Response, (Doc. No. 46).

According to the notice, the defendant was questioned by his supervising United States Probation Officer regarding a firearm. (Doc. No. 43: Notice at 1). The government contends that the defendant agreed to speak after the officer informed him that he was not under arrest and read Miranda rights to him. (Doc. No. 46: Response at 2). The defendant asserts that he did not give a clear verbal or written waiver of his rights and he was not free to leave or remain silent. (Doc. No. 43: Notice at 1). The Court need not resolve the factual dispute because both parties acknowledge that even compelled statements are admissible in a supervised release revocation hearing, which is not part of the "criminal prosecution" for purposes of the Self-Incrimination Clause of the Fifth Amendment. (Doc. No. 43: Notice at 4 (citing United States v. Ka, 982 F.3d 219 (4th Cir. 2020); Doc. No. 46: Response at 5

(citing United States v. Riley, 920 F.3d 200 (4th Cir. 2019)).  The defendant hopes the law will change and seeks to preserve this issue for appeal.

**IT IS, THEREFORE, ORDERED** that the defendant's objection is **DENIED**.

The Clerk is directed to certify copies of this Order to the Federal Public Defender, the United States Attorney, and the United States Probation Officer.

Signed: December 28, 2022

Robert J. Conrad, Jr.
United States District Judge