UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-00119-RJC-DCK

| | |
|---|---|
| QUIVONTE BLOUNT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [Doc. 67].

**I.  BACKGROUND**

On April 16, 2019, Petitioner Quivonte Blount ("Petitioner") was charged in a Bill of Indictment with one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 1: Bill of Indictment]. Petitioner pleaded guilty without a plea agreement on July 8, 2019. [Doc. 15: Acceptance and Entry of Plea Agreement]. Petitioner was sentenced to a term of imprisonment of 37 months and a two-year term of supervised release. [Doc. 27: Judgment]. Judgment on Petitioner's conviction was entered on February 7, 2020. [Id.]. Petitioner did not appeal. On February 15, 2023, Petitioner was found guilty of three supervised release violations and sentenced to one year and one day in prison and a one-year term of supervised release. [Doc. 49: Revocation Judgment]. Petitioner's appeal from the revocation judgment was dismissed. [Docs. 50, 57]. Petitioner's second term of supervised release began on July 7, 2023. [Doc. 58 at 1]. On February 23, 2024, Petitioner's probation officer petitioned the Court for a warrant to arrest Petitioner on several violations of his conditions of supervision. [Id.].

Petitioner is currently detained awaiting another revocation hearing.  [See Doc. 63].

On May 16, 2024, Petitioner filed the pending motion to vacate sentence under 28 U.S.C. § 2255.  [Doc. 67].  As grounds for relief, Petitioner argues that his § 922(g) conviction is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v. Bruen, 142 S.Ct. 2111 (2022) (articulating a new history-based standard for challenges to state action under the Second Amendment); Atkinson v. Garland, 70 F.4th 1018 (7th Cir. 2023) (vacating district court's dismissal of a felon's challenge to § 922(g) and ordering the court to conduct a "text and history" Bruen analysis); and United States v. Meza-Rodriguez, 798 F.3d 664 (7th Cir. 2015) (regarding whether Second Amendment protected right of unauthorized alien to possess firearm).[1]  [Id. at 4-5].  For relief, Petitioner asks the Court to vacate and/or terminate all pending hearings, proceedings, and motions in his criminal case.  [Id. at 13].  Petitioner argues his motion is timely under 28 U.S.C. § 2255(f)(3) because "[t]hese current gun laws were not being implemented back when [he] was convicted … [and he is] also still under the one year statute of limitations according to the Atkinson case."  [Id. at 12].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

---

[1] Petitioner also cites several cases from Illinois district courts. [See Doc. 67 at 4-5].

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.  ANALYSIS**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of § 2255(f) on February 21, 2020, when his deadline to appeal his original conviction and sentence expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner, however, did not file the pending motion to vacate until May 16, 2024, more than four years later.

Petitioner argues that his motion is timely because the statute of limitations did not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable on collateral review." [Doc. 67 at 12]. Petitioner also claims he is within a year from the decision in Atkinson. [Id.]. The Supreme Court in Bruen, however, did not hold that § 922(g)(1) is unconstitutional nor has such right been made retroactively applicable. See United States v. Carson, No. 1:23-cr-58-MR-WCM, 2024 WL 500728, at *2 (W.D.N.C. Feb. 8, 2024) (collecting cases); Jones v. United States, 2023 WL 8602805, at *3 (D. Md. Dec. 12, 2023) ("The Supreme Court, however, has not held that § 922(g)(1) is unconstitutional, much less held that such a ruling is retroactively applicable to cases on collateral review."). Even if Bruen did establish a newly recognized right applicable to Petitioner's case, Bruen was decided on June 23, 2022, nearly two years ago. Moreover, the remaining cases Plaintiff cites, including Atkinson, provide no grounds for timeliness under § 2255(f)(3). Thus, Petitioner's motion to vacate is untimely, see 28 U.S.C. § 2255(f)(1), unless he shows he is entitled to equitable tolling.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.

4

2003)). Petitioner has presented nothing in support of equitable tolling and the Court sees nothing from the record.

Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). As such, Petitioner's motion is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review. The Court also notes that, even if Petitioner had timely filed his motion, Bruen affords him no relief and Petitioner's motion would be denied in any event.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28

5

U.S.C. § 2255 [Doc. 67] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: July 31, 2024

Robert J. Conrad, Jr.
United States District Judge